Filed 5/2/22  P. v. Spears CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B312624 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA062434) |
| v. | |
| DAJUAN BRIAN SPEARS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa Mangay Chung, Judge.  Dismissed.

Richard Lennon and Anna Rea, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In 2015, defendant Dajuan Spears (defendant) pled no contest, pursuant to a plea agreement, to two counts of assault on a peace officer with a semiautomatic firearm (Pen. Code,[1] § 245(d)(2)).[2] Defendant admitted, in connection with one of these counts, that he personally discharged a firearm within the meaning of section 12022.53(b). On October 30, 2015, the trial court sentenced defendant to 17 years in prison.

In February 2021, defendant filed a petition asking the trial court to resentence him pursuant to section 1170.91. That statute "allows a person convicted of a felony who may have certain kinds of trauma as a result of his or her military service to petition for resentencing." (*People v. Pixley* (2022) 75 Cal.App.5th 1002.) The trial court denied defendant's request for section 1170.91 relief.[3]

Defendant noticed an appeal from the trial court's order. After examining the record, counsel filed an opening brief raising no issues. On November 4, 2021, this court sent defendant a notice advising he had 30 days to personally submit a

---

[1]     Undesignated statutory references that follow are to the Penal Code.

[2]     Other counts, including counts alleging defendant attempted to murder the two police officers he pled no contest to assaulting, were dismissed pursuant to the plea agreement.

[3]     In 2019, this court summarily denied defendant's habeas corpus petition arguing he was entitled to section 1170.91 relief. Our summary denial order explained the retroactive petitioning procedure added to section 1170.91 and effective beginning in 2019 applies only to defendants sentenced prior to January 1, 2015. (§ 1170.91(b)(1)(B); see also Stats. 2018, ch. 523, § 1.)

supplemental brief or letter with contentions or issues he wanted this court to consider.  This court received no response.

We have examined the appellate record, although such an examination is not required (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278), and we are satisfied no arguable issue exists.

## DISPOSITION

The appeal is dismissed as abandoned.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, Acting P. J.


We concur:



MOOR, J.



KIM, J.


3